IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DOROTHY POOLE, individually
and as Personal Representative of the
ESTATE OF TYLER POOLE,

    Plaintiff

v.                                                 Civil Action No._____

HANCOCK COUNTY, MAINE;
SCOTT KANE, in his individual and official
capacities as Hancock County Sheriff;
TIMOTHY RICHARDSON, in his
individual and official capacities as Hancock
County Jail Administrator; FRANK L.
SHEPARD, in his individual and official
capacities as Hancock County Assistant Jail
Administrator; CHELSEA R. HOWARD,
FNP, SARA WILLEY, FNP, LISA M. PARKIN, R.N.,
SHAINE J. GROSS, MICHAEL R. PILESKI,
TROY W. FRYE, PATRICIA E. ROSSI, JILLIAN BYE,
and TRAVIS M. YOUNG.

    Defendants

COMPLAINT

    Plaintiff Dorothy Poole, individually and in her capacity as Personal Representative of the Estate of Tyler Poole (known hereafter as "Plaintiffs"), bring this civil rights and wrongful death complaint, by and through the undersigned attorneys, and alleges as follows:

1

## JURISDICTION AND VENUE

Plaintiff has suffered injuries due to the wrongful actions of the Defendants, and this action is a case or controversy over which this Court has jurisdiction under Article III of the United States Constitution.

1. This case is brought pursuant to 42 U.S.C. § 1983, with a supplemental state claim for wrongful death. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state law claim pursuant to 42 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b), because the claims for relief arose in this District.

3. Plaintiffs have complied with Me. Rev. Stat. tit. 14, § 8107, part of the Maine Tort Claims Act, in that she timely filed a notice of tort claim with Defendant Hancock County. The claim was constructively denied.

## PARTIES

4. Decedent, Tyler Poole ("Decedent"), is represented in this litigation by Dorothy Poole, as the Personal Representative of the Estate of Tyler Poole. The successor in interest of the Decedent is his mother, Dorothy Poole. The Decedent was at all times mentioned incarcerated at the Hancock County Jail. The Decedent died as a result of the unlawful actions of the above-named Defendants, The Decedent and his Personal Representative bring this complaint for relief through his Estate and his mother, Dorothy Poole, his successor in interest.

5. Plaintiff Dorothy Poole is a resident of Brewer, County of Penobscot, State of Maine, who brings her claims for relief in her own right and as successor in interest to the Estate of Tyler Poole.

6. Plaintiff Dorothy Poole, the personal representative of the Estate of Tyler Poole, is a resident of the City of Brewer, County of Penobscot, State of Maine, who brings this claim for relief on behalf of the Estate of Tyler Poole.

7. Defendant Hancock County, Maine, is a political subdivision of the State of Maine.

8. During all times mentioned, Defendant Scott Kane ("Kane") is a resident of Brooksville, Hancock County, Maine and was the Hancock County Sheriff. He was the chief county law enforcement officer for Hancock County, having custody and charge of the Hancock County Jail and of all prisoners in that jail.

9. During all times mentioned, Defendant Timothy Richardson ("Richardson") a resident of Ellsworth, Hancock County, Maine, was Jail Administrator at the Hancock County Jail.

10. During all times mentioned, Defendant Frank L. Shepard ("Shepard") a resident of Brooksville, Hancock County, Maine, was Assistant Jail Administrator at the Hancock County Jail.

11. During all times mentioned, Defendant Troy Frye ("Frye") a resident of Orland, Hancock County, Maine was a Correctional Officer at the Hancock County Jail.

12. During all times mentioned, Defendant Patricia Rossi ("Rossi") a resident of Cherryfield, Washington County, Maine was a Correctional Officer at the Hancock County Jail.

13. During all times mentioned, Defendant Travis Young ("Young") a resident of Spruce Head, Knox County, Maine was a Correctional Officer at the Hancock County Jail.

14. During all times mentioned, Defendant Sgt. Shaine Gross ("Gross") a resident of Bucksport, Hancock County, Maine was a Correctional Officer at the Hancock County Jail.

15. During all times mentioned, Defendant Cpl. Michael Pileski ("Pileski") a resident of Ellsworth, Hancock County, Maine was a Correctional Officer at the Hancock County Jail.

16. During all times mentioned, Defendant Cpl. Jillian Bye ("Bye") a resident of Deer Isle, Hancock County, Maine was a Correctional Officer at the Hancock County Jail.

17. During all times mentioned, Defendant Chelsea Howard, FNP., ("Howard") a resident of Swanville, Hancock County, Maine was a family nurse practitioner employed to provide medical services for detainees at the Hancock County Jail, including the Decedent. Defendant Howard was responsible for the adequate provision of medical care to the detainee population at the Hancock County Jail, including the Decedent, pursuant to the Fourteenth Amendment of the United States Constitution and other applicable law.

18. During all times mentioned, Defendant Sara Willey, FNP., ("Willey") a resident of Bangor, Penobscot County, Maine was a family nurse practitioner employed to provide medical services for detainees at the Hancock County Jail, including the Decedent. Defendant Willey was responsible for the adequate provision of medical care to the detainee population at the Hancock County Jail, including the Decedent, pursuant to the Fourteenth Amendment of the United States Constitution and other applicable law.

19. During all times mentioned, Defendant Lisa Parkin, RN ("Parkin") a resident of Bar Harbor, Hancock County, Maine was a registered nurse employed to provide medical services for detainees at the Hancock County Jail, including the Decedent. Defendant Parkin was responsible for the adequate provision of medical care to the detainee population at the Hancock County Jail,

including the Decedent, pursuant to the Fourteenth Amendment of the United States Constitution and other applicable law.

20. During all times mentioned, Defendants Kane, Richardson and Shepard were responsible for decisions concerning staff employment and training, and the preparation, selection and implementation of policies, procedures and guidelines concerning the protection of detainees at the Hancock County Jail from suicide and self-harm. They were also responsible for the conduct of the employees and contractors at the Hancock County Jail, including correctional officers and medical staff. The decisions made regarding policies for the protection of detainees' physical safety, and the medical and psychiatric policies by these Defendants, directly and adversely affected the Decedent's ability to be safe from psychiatric indifference and suicide.

21. During all times mentioned, Defendants Gross, Pileski, Frye, Rossi, Bye and Young were corrections officers or correction supervisors at the Hancock County Jail who also provided health care to Tyler (and were health care practitioners) while he was incarcerated and while they were employed by or agents of Hancock County and the Hancock County Jail. These services included initial and ongoing risk assessments, medication administration, initial and ongoing monitoring, and suicide prevention responsibilities required by policy and the standard of care.

22. The named Defendants are sued in their individual capacities and as agents or employees of Hancock County and the Hancock County Jail.

23. Plaintiff is informed and therefore believes and, on that basis, alleges that at all times and places mentioned, each of the Defendants was the agent, representative and/or employee of the remaining Defendants and was, at all times and places mentioned, acting within the purpose and scope of that agency, representation and/or employment.

5

24. The events giving rise to this Complaint occurred in Hancock County, Maine, within the jurisdiction of the United States District Court for the District of Maine.

25. At all times mentioned, all of the named Defendants were acting within the course and scope of their employment and under color of state law.

26. All of the individuals named as Defendants are sued in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

27. The allegations in this section are alleged on Plaintiff's information and belief and, on that basis, are alleged to be true.

28. The Decedent was incarcerated at the Hancock County Jail on December 5, 2020, having been arrested on Domestic Violence Assault, Criminal Mischief and Obstructing Government Administration.

29. According to a Hancock County Jail Memo from Defendant Sgt. Gross to Defendant Parkin, the Decedent informed Sgt. Gross on December 8, 2020 that he was detoxing off of Suboxone and not doing well. Decedent stated that he had not eaten since the previous morning, was shaking uncontrollably and experiencing restless leg syndrome. Sgt. Gross contacted Defendant Howard and was told to place Tyler on a clonidine Detox Protocol and to inform nursing.

30. The Decedent stated on an inmate medical request form submitted on December 8, 2020 at 1037, that he was "detoxing bad, I can't eat or sleep or anything Please I'm begging for help. I was taking three subs a day now nothing. I am having restless leg bad."

31. The Decedent stated on an inmate medical request form submitted on December 8, 2020 at 1400, that he was "freaking out, having crazy mood swings and can't sleep. I feel like

6

everything I do I lose my breath. I haven't slept in days without my Remeron, and my acid reflux is making me throw up…I feel like I'm losing it!"

32. Decedent informed Defendant Parkin on December 10, 2020 that he continued to have anxiety as seen on Hancock County Jail Medical Note from Defendant Parkin to Defendant Howard.

33. The Decedent previously had been incarcerated. On March 19, 2019 while in police custody Decedent was transported to the Eastern Maine Medical Center for multiple self-inflicted lacerations to right arm with a knife.

34. Notwithstanding the multiple indications and warnings that the Decedent was at high risk for suicide, and their awareness of same, the Defendants took no action to protect him from suicide or to provide appropriate medical care.

35. Notwithstanding the multiple indications and warnings Decedent was placed in the general jail population, and into a cell by himself, where he would ultimately commit suicide.

36. The Decedent was never put on a suicide watch at the Hancock County Jail.

37. The Hancock County Jail's policies concerning psychiatric services for detainees were vague, out of date and fell below applicable state national standards.

38. The Decedent was discovered unresponsive, hanging from a bunk with a bed sheet wrapped around his neck on December 13, 2020 at 1426, having been last observed in his cell at 1354 that day.

39. Throughout his incarceration at the Hancock County Jail, the Decedent never received the level of medical and mental health diagnosis, medication or treatment he needed and which the Defendants were constitutionally required to provide. Because of the way he was

treated by the Defendants, the Decedent gradually exhibited increasing signs of severe anxiety and depression and possible suicidal ideation, yet a comprehensive treatment plan for his physical and mental health was never developed. Instead, he was either mistreated or ignored by the Defendants, in a manner showing • deliberate indifference to the Decedent's need for mental health care and protection against suicide.

40. The County Defendants were on notice from a prior suicide of an inmate that their policies, procedures and follow up were unconstitutional.

## FIRST CLAIM FOR RELIEF
(Violation of 42 U.S.C. § 1983)
Denial of Rights Under the United States Constitution, Fourteenth
Amendment; Deliberate Indifference to Medical and Mental Health Needs

41. Plaintiff incorporates by reference all of the preceding paragraphs as if set forth here.

42. Defendants Kane, Richardson and Shepard, as Hancock County Sheriff, Hancock County Jail Administrator and Assistant Hancock County Jail Administrator, respectively, were responsible for establishing, implementing and enforcing policies, practices and procedures designed to assure that the Decedent, as a pretrial detainee incarcerated at the Hancock County Jail, received adequate medical attention and treatment, including treatment for anxiety and depression, and that he be protected from self-harm and suicide.

43. However, Defendants Kane, Richardson and Shepard's policies, practices and procedures were not designed to assure that the Decedent received adequate medical attention and treatment for his anxiety and depression, or that he be protected from self-harm and suicide.

44. Thus, Defendants Kane, Richardson and Shepard adopted policies, practices, and procedures which they knew, or reasonably should have known, would be ineffective in delivering adequate medical attention and treatment for serious mental health needs, and in protecting him from self-harm and suicide.

45. The remaining individual Defendants, as correctional officers, a registered nurse and family nurse practitioners working at the Hancock County Jail, were deliberately indifferent to the Decedent's suicidal condition. Their acts and omissions deprived the Decedent of needed medical care and protection from self-harm and suicide, thereby causing the deprivation of the Decedent's clearly established constitutional right to life and physical safety.

46. The policies, customs and practices of Hancock County, at the Hancock County Jail, were the moving force behind, and the proximate cause of, the violation of the Decedent's constitutional rights which led to her suicide.

47. All of the Defendants were acting in the scope of their official duties and under color of state law.

48. The acts and omissions of all of the Defendants violated the Decedent's substantive right to due process under the Fourteenth Amendment to the United States Constitution, in that they denied the Decedent adequate medical care and treatment and protection from self-harm and suicide,

49. As a result of the actions and omissions of all of the Defendants, and each of them, the Decedent was not provided adequate or necessary medical and mental health services, nor protection against suicide. These deprivations resulted in the Decedent's death by

suicide, causing him great physical pain and suffering, great mental pain and shock to his nervous system, and, ultimately, death.

50. The deliberate indifference caused a grave harm resulting in the Decedent's death by suicide. The Defendants had actual or constructive knowledge of that risk, and the Defendants failed to take easily available measures to address the risk to prevent the suicide.

51. The physical and emotional injuries suffered by the Decedent were the result of the named Defendants' recklessness, oppression, and deliberate indifference to his suicidal condition. Plaintiff is therefore entitled to punitive damages against the individual Defendants for the pain and suffering the Decedent experienced prior to her death.

## SECOND CLAIM FOR RELIFF
(Violation of 42 U.S.C. § 1983)
Failure to Train and Supervise Employees

52. Plaintiff incorporates by reference all of the preceding paragraphs as if set forth here.

53. Defendant administrative and supervisory personnel were charged by law with the selection, assignment, supervision and training of officers, psychiatrist and medical staff; employees, and contracted medical practitioners for the Hancock County Jail. At all times material, they failed to properly train and supervise personnel regarding policy and procedures, and state and federal statutory duties to provide detainees with necessary and appropriate medical and mental health services, to respond to detainees' apparent immediate needs for mental and/or medical treatment, and to protect against detainees' self-harm and suicide.

54. Defendants' clear deliberate indifference in failure of administrative and supervisory roles to provide training and supervision was the deficient performance of the task that contributed to the civil rights deprivation.

55. The failure of administrative and supervisory roles of the Defendants in providing training and supervision regarding the statutory and constitutional duties to provide safe custody for detainees entrusted to their care and to provide necessary and adequate mental health services amounts to gross negligence and a deliberate indifference to the safety and lives of detainees. This gross negligence and deliberate indifference were proximate causes of the death of the Decedent.

56. The acts and omissions of all of the individual Defendants demonstrated reckless indifference to and a conscious disregard for the well-being of the Decedent and his constitutional rights.

57. As a result of the actions and omissions of all of the Defendants, and each of them, the Decedent was not provided adequate or necessary medical and mental health services, nor protection against suicide. These deprivations of the Decedent's substantive right to due process under the Fourteenth Amendment to the United States Constitution resulted in the Decedent's death by suicide, causing him great physical pain and suffering, great mental pain and shock to his nervous system, and, ultimately, death.

58. The physical and emotional injuries suffered by the Decedent were the result of the named Defendants' recklessness, oppression, and deliberate indifference to his suicidal condition. Plaintiff is therefore entitled to punitive. damages against the individual Defendants for the pain and suffering the Decedent experienced prior to his death.

## THIRD CLAIM FOR RELIEF
(Pendent State Claim—Wrongful Death)
(Me. Rev. Stat. tit. 18-C, § 2-807; Me. Rev. Stat. tit. 14, § 8104-C)

59. Plaintiff incorporates by reference all of the preceding paragraphs as if set forth here.

60. All of the Defendants, and each of them, had the duty to provide immediate medical care to the Decedent and to protect the Decedent from self-harm or suicide. Staff failed to communicate regarding Tyler's cries for help and to develop a reasonable management plan for his safety and care. Staff failed and/or refused to summon and provide necessary medical care to address the Decedent's serious and obvious medical condition, and otherwise to protect him from committing suicide.

61. All of the Defendants knew, or in the exercise of ordinary care should have known, that the Decedent was in mental crisis due to his pleas for help, high anxiety levels, mood swings, insomnia, isolation, feelings of hopelessness, past substance abuse and likelihood of the physical withdrawal symptoms, and earlier self-harm requiring hospital attention while at the jail previously, to the point of being suicidal.

62. Among other negligent acts or omissions, the Defendants failed to provide regular and continuous observation and supervision of the activities of the Decedent.

63. Despite the Defendants' actual and/or constructive knowledge of the Decedent's desperate need for medical care, the Defendants negligently failed or refused to provide the Decedent with adequate medical assistance or to protect him from suicide, thereby breaching duties they owed to the Decedent.

64. As a legal and proximate result of the Defendants' failure to provide adequate medical care and to protect the Decedent from suicide, the Decedent suffered great physical pain, great mental pain, shock to his nervous system, and, ultimately, death, all to Plaintiffs damage as set forth below.

65. The Defendants have been guilty of recklessness and conscious disregard for the Decedent's well-being while he was in their custody and care, leading to the death of the Decedent. As a consequence, Plaintiff is entitled to punitive damages against the individual Defendants, attorney's fees, and costs.

## REQUEST FOR RELIEF

WHEREFORE, as a proximate result of the Defendants' wrongful and unlawful actions described above, Plaintiff requests the following:

1. Mortuary, funeral and burial expenses, and incidental expenses;

2. General damages as to the Decedent, including damages for physical and emotional pain, emotional distress, hardship, suffering, shock, worry, anxiety, sleeplessness, illness and trauma and suffering and, for Plaintiff, the loss of the services, society, care and protection of the Decedent;

3. Loss wages;

4. Conscious pain and suffering;

5. Punitive, damages against the individual Defendants, according to proof;

6. Prejudgment interest;

7. Attorney fees and costs pursuant to 42 U.S.C.§ 1988; and

8. Such other and further relief as the Court deems just and proper.

JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all Claims contained herein.


Dated: November 17, 2022                /s/ Carl D. McCue_____
                                        Carl D. McCue, Esquire
                                        Bar No. 2198
                                        Law Office of Carl D. McCue, LLC
                                        40 Western Avenue
                                        Post Office Box 655
                                        Hampden, ME 04444-0655
                                        Ph: 207-862-5290
                                        Email: mccuelawllc@roadrunner.com
                                        Attorney for Plaintiff


                                        /s/ Scott J. Lynch_____
                                        Scott J. Lynch, Esq.
                                        Bar No. 7314
                                        Lynch & Van Dyke, P.A.
                                        261 Ash Street
                                        P.O. Box 116
                                        Lewiston, ME 04243-0116
                                        Ph: 207-786-6641
                                        Email: slynch@HLRVD.com
                                        Attorneys for Plaintiff