UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOROTHY POOLE, Individually and as Personal Representative of the ESTATE OF TYLER POOLE, <br><br>　　Plaintiff, <br><br>　　　v. <br><br>HANCOCK COUNTY, et al., <br><br>　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )　No. 1:22-cv-00364-JDL |

**ORDER ON THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Plaintiff Dorothy Poole, individually and as personal representative of the Estate of Tyler Poole, filed this action (ECF No. 1) against Defendants Hancock County, the Hancock County Sheriff, and various other officials and employees of the Hancock County Jail. Two of the individual Defendants, Chelsea R. Howard, FNP, and Sara Willey, FNP, filed a Motion to Dismiss (ECF No. 6) and Defendant Lisa M. Parkin, RN, filed a Motion for a More Definite Statement (ECF No. 21).

Following these filings, Poole moved to amend her complaint pursuant to Fed. R. Civ. P. 15(a) and attached a proposed amended complaint (ECF Nos. 27, 28). In her proposed amended complaint, Poole seeks to, among other things, "describe in further detail the acts and omissions that constitute the constitutional depr[i]vation of life to Tyler Poole" and "the degree of deliberate indifference of the Defendants to the decedent's suicidality." ECF No. 27 at 2. Defendants Howard and Willey opposed this motion (ECF No. 29), arguing that the proposed amendments would not cure the

1

deficiencies in Poole's deliberate indifference claim, and would be futile as to her state wrongful death claim under the Maine Tort Claims Act, 14 M.R.S.A. § 8104-C (West 2023).

United States Magistrate Judge John C. Nivison filed his Recommended Decision[1] on these motions with the Court on June 8, 2023 (ECF No. 31), pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2023) and Fed. R. Civ. P. 72(b).  The Magistrate Judge provided notice that a party's failure to object would waive the right to *de novo* review and appeal.  On June 20, 2023, Poole filed a limited objection (ECF No. 35), as did Defendants Howard and Willey (ECF No. 34).

I have reviewed and considered the Recommended Decision, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge.  For reasons I will explain, I adopt the following recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision:

    (1)    I adopt the recommendation that Poole's Motion for Leave to Amend should be granted as to the Eighth Amendment claim for deliberate indifference.

---

[1] As noted by Judge Nivison, motions for more definite statements and for leave to amend are the type of pretrial matters within the authority of the magistrate judge upon referral, *see* 28 U.S.C.A. § 636(b)(1)(A) (West 2023).  However, because an involuntary motion to dismiss was also pending, Judge Nivison chose to issue a Recommended Decision as to all three motions for the purposes of simplifying the standard of review should a party object.  Thus, I apply the *de novo* review standards applicable to a magistrate judge's proposed findings and recommendations on dispositive motions under 28 U.S.C.A. § 636(b)(1)(C).

(2)     I adopt the recommendation that Defendant Howard's and Willey's Motion to Dismiss as to the Eighth Amendment claim should be denied as moot.

(3)     I adopt the recommendation that Defendant Parkin's Motion for a More Definite Statement should be denied.

(4)     As to the proposed amendments pertaining to Poole's wrongful death claim, I concur with and adopt the conclusion that Poole has not alleged, nor does the record reflect, that she has satisfied the procedural requirements of the Maine Health Security Act ("MHSA"), 24 M.R.S.A. § 2903 (West 2023), which applies to actions for professional negligence. The MHSA requires that the pre-litigation screening process be completed and a decision rendered prior to initiating a lawsuit, *see Kidder v. Richmond Area Health Ctr.*, 595 F. Supp 2d 139, 142-43 (D. Me. 2009); *Dyer v. Penobscot Cty.*, No. 1:20-cv-00224-NT, 2020 WL 5801081, at *3 (D. Me. Sept. 28, 2020), unless all parties agree to bypass the process, *see* 24 M.R.S.A. § 2853(5) (West 2023). It is not sufficient to merely show proof that a written Notice of Claim has been filed and that the screening process has commenced.[2]

I do not adopt the recommendation to deny Poole's request to stay proceedings and dismiss without prejudice the wrongful death claim brought against Howard and

---

[2] The Law Court has held, *see Dougherty v. Oliviero*, 427 A.2d 487, 489-90 (Me. 1981), and subsequently clarified, *see Brand v. Seider*, 1997 ME 176, ¶ 6, 697 A.2d 846, that a claimant's failure to comply with the notice requirements of the MHSA does not require automatic dismissal, and that a court may instead stay proceedings until notice has been served, "as long as an action is commenced before the expiration of the statute of limitations." *Brand*, 1997 ME 176, ¶ 6, 697 A.2d 846.

Willey, rather than staying the case until the pre-litigation screening process is completed.  For the reasons that follow, I conclude that a stay is warranted under the circumstances.

The Court has broad discretion to stay proceedings, incident to its "inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.,* 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons.").  In deciding whether to stay proceedings, the Court generally considers "three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and[] (3) judicial economy." *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009).  The pendency of a related proceeding in another tribunal is a "typical reason" for a stay of proceedings. *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995); *see, e.g.*, *Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 383 (D. Me. 2011) (denying motion to dismiss and granting a stay of the federal action until resolution of the MHSA pre-litigation screening process).

Here, a stay is warranted so that Poole will not be compelled to divide her federal and state law claims into separate actions following the panel's decision. Should the wrongful death claim against Howard and Willey be dismissed without prejudice in this Court, as the Recommended Decision proposes, and if Poole chooses to refile those claims following the panel's decision, she would be required to do so in

state court, while separately litigating her federal constitutional claim against the same Defendants in this Court. In addition, it appears that Poole's Notice of Claim includes other named Defendants in this action who arguably do not constitute "health care practitioners and health care providers" under 24 M.R.S.A. § 2851(2). *See Dyer*, 2020 WL 5801081, at *4. The record, however, does not indicate that one or more of the Defendants has sought to be dismissed from the pre-litigation screening process or otherwise challenged whether the MHSA procedural requirements apply to the wrongful death claims brought against them. Thus, absent a stay, there is the potential for duplicative, simultaneous discovery proceedings in state and federal courts and, ultimately, the potential for inconsistent judgments. Moreover, because Defendant Parkin—who would arguably be considered a health care provider under the MHSA—has not opposed the Motion to Amend or otherwise moved to dismiss the claims against her, the wrongful death claims against the three health care providers would be adjudicated simultaneously in separate tribunals.

The stay sought by Poole will not be indefinite. In the state court proceeding, Poole has filed a Notice of Claim as required by the MHSA,[3] a scheduling order has issued, and discovery is underway.

Accordingly, weighing the interests of judicial economy, potential prejudice to the Defendants, and potential hardship or inequity to Poole—including that in the absence of a stay, Poole would be compelled to divide her claims into state and federal

---

[3] In circumstances in which a plaintiff has failed to show through filings that they have complied with, or attempted to comply with, the initial procedural requirement of filing a notice of claim, this Court has determined that dismissal without prejudice was warranted. *See, e.g.*, *Gagnon v. Gosselin*, No. 1:16-cv-00024-NT, 2016 WL 3351913, at *1 (D. Me. May 27, 2016), *report and recommendation adopted sub nom. Gagnon v. Seirup*, No. 1:16-cv-024-NT, 2016 WL 3350998 (D. Me. June 15, 2016).

court proceedings—I conclude that a stay of this action until the completion of the pre-litigation screening process is warranted. *See, e.g.*, *Dyer*, 2020 WL 5801081, at *4 (concluding that judicial economy weighed in favor of staying the plaintiff's remaining claims during the pre-litigation screening process); *Carney v. Hancock Cnty.*, No. 1:20-cv-00349-GZS, 2021 WL 966849 (D. Me. Mar. 14, 2021) (same); *cf Gagnon v. Gosselin*, No. 1:16-cv-00024-NT, 2016 WL 3351913, at *1 n.1 (D. Me. May 27, 2016) (noting that the court could stay the proceeding, but explaining that under the circumstances dismissal was warranted because the plaintiff had failed to demonstrate any compliance with the MHSA, and had not asserted any additional state law claims within the court's supplemental jurisdiction), *report and recommendation adopted sub nom. Gagnon v. Seirup*, No. 1:16-cv-024-NT, 2016 WL 3350998 (D. Me. June 15, 2016).

As to Howard's and Willey's request to seal the three attachments to Poole's Objection to the Recommended Decision (*see* ECF Nos. 35-1, 35-2, 35-3), I am mindful that the law recognizes a presumption "of public access to judicial proceedings and records," *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). However, that presumption may be overcome through a "careful[] balance [of] the presumptive public right of access against the competing interests that are at stake in a particular case." *Id.* at 59. *See, e.g.*, *Salerno v. Spectrum Med. Grp., P.A.*, 2019 ME 139, ¶ 13 & n.3, 215 A.3d 804 (explaining that the defendant had a right to confidentiality as to any allegations that may have been raised in the pre-litigation screening process or related filings that had not already been made public in the complaint).

6

Here, the request to seal is based on 24 M.R.S.A. §2853(1-A), which provides that "[t]he notice of claim and all other documents filed with the court in the action for professional negligence during the prelitigation screening process are confidential." Because Poole's attached documents are from the pre-litigation screening process docket in the Maine Superior Court—including Poole's Notice of Claim, which is expressly covered by the statute's confidentiality provision—I grant the request to seal these attachments.[4]

It is therefore **ORDERED** that the Recommended Decision (ECF No. 31) of the Magistrate Judge is hereby **ACCEPTED IN PART** and **DENIED IN PART** as follows:

(1) Poole's Motion for Leave to File an Amended Complaint (ECF No. 27) is **GRANTED**;[5]

(2) Defendants Howard's and Willey's Motion to Dismiss (ECF No. 6) is **DENIED** as moot as to the Eighth Amendment claim and **DENIED** without prejudice as to the state wrongful death claim; and

---

[4] Because the Defendants' request to seal these documents was incorporated into their Response to Poole's Objection to the Recommended Decision (ECF No. 36), which was filed on the same day as Poole's most recent filing, she has not had an opportunity to object to this request. Poole is granted leave to file a written opposition no later than seven (7) days from the issuance of this Order if she wishes to object to the sealing of the three documents.

[5] Judge Nivison granted this motion in part as to Poole's Eighth Amendment claim and denied it as to the wrongful death claim. Poole's proposed amended complaint asserts factual allegations that are incorporated by reference into both Count I (Eighth Amendment claim) and Count III (state wrongful death claim), and Defendants Howard and Willey have not challenged the merits of these amendments as they relate to the wrongful death claim in either their Motion to Dismiss or their opposition to the Motion to Amend. Accordingly, the Motion to Amend is granted as to both Count I and Count III, and the Defendants' Motion to Dismiss the wrongful death claim is denied without prejudice.

(3) Defendant Parkin's Motion for a More Definite Statement (ECF No. 21) is **DENIED**.

It is further **ORDERED** that (1) Poole is granted leave to file a written opposition no later than seven (7) days from the issuance of this Order if she wishes to object to the sealing of the three documents, and, apart from the question related to sealing, (2) this action is **STAYED** until December 1, 2023, at which time the parties are directed to file a joint report as to the status of the pre-litigation screening process in state court. Upon completion of the pre-litigation screening process, a case management conference shall be held to determine the course of proceedings. It is further **ORDERED** that ECF Nos. 35-1, 35-2, and 35-3 shall be sealed.

**SO ORDERED.**

**Dated: August 31, 2023**

/s/ Jon D. Levy
**CHIEF U.S. DISTRICT JUDGE**